UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:97 CR 88 |
| | ) | |
| JACOBY WALKER | ) | |

**AMENDED OPINION and ORDER**[1]

This matter is before the court on the motion of defendant Jacoby Walker for a reduction of his sentence pursuant to 18 U.S.C. § 3582 and the First Step Act of 2018, H.R. 5682, 115th Cong. (Dec. 21, 2018) (DE # 873), and the court's *sua sponte* consideration of a reduction of defendant's sentence pursuant to Amendment 782 of the United States Sentencing Guidelines (DE # 805). For the reasons set forth below, the court grants the motions (in part) and reduces defendant's sentence as detailed below.

I.      BACKGROUND

In 1998, a jury convicted defendant of six charges, four of which (Counts 1, 4, 6, and 13) related to crack cocaine. (DE # 284.) Count 1 alleged conspiracy with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine, and carried a statutory penalty of 20 years to life imprisonment, plus a minimum of 10 years

---

[1] The purpose of this order is to replace the court's prior, vacated order (DE # 908), in light of the Seventh Circuit's order remanding for further explanation regarding Count 13 (DE # 925). The Government has moved to file a supplemental brief on remand. (DE # 926.) However, the Government has already had a full and fair opportunity to respond to defendant's motions seeking a reduction of his sentence, including his sentence with respect to Count 13, so the motion for supplemental briefing is denied.

of supervised release. Counts 4 and 6 alleged distribution of 5 grams or more of crack cocaine, and each carried a statutory penalty of 10 years to life imprisonment, plus a minimum of 8 years of supervised release. (DE # 859.) Count 13, which alleged use of a minor in drug trafficking, carried a sentence of twice the maximum term of imprisonment and at least twice the term of supervised release as the drug trafficking offense. (*Id.*) Count 12 alleged possession of an illegal firearm and carried a maximum term of imprisonment of 10 years, and a maximum term of supervised release of 3 years. Count 11 alleged possession of a firearm with a silencer during drug trafficking; this offense carried a mandatory 30-year term of imprisonment consecutive to any other term of imprisonment imposed. (*Id.*)

At sentencing, the court concluded that defendant was responsible for more than 150 kilograms of cocaine and 1.5 kilograms of cocaine base (crack). (DE ## 464, 859.) Defendant's sentencing range under the United States Sentencing Guidelines was life imprisonment. The court grouped Counts 1, 4, 6, and 13 together for sentencing purposes. Ultimately, the court sentenced defendant to life on Counts 1, 4, 6, and 13, and 120 months on Count 12, all to be served concurrently; an additional 30-year consecutive term of imprisonment was imposed for Count 11.

Defendant's prior attempts to reduce his sentence based on Amendments to the Sentencing Guidelines failed. However, the court decided, *sua sponte*, to consider a reduction in defendant's sentence pursuant to Amendment 782 (DE # 805); the court now rules on the effects of that Amendment herein. Through appointed counsel,

2

defendant has also moved for a reduction of his sentence pursuant to the First Step Act of 2018. (DE # 873.) All motions are fully briefed and ripe for ruling. All supplements, filings, and letters have been considered.

## II.     DISCUSSION

The First Step Act of 2018 independently authorized a district court to resentence eligible defendants as if the statutory penalties of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, S. 1789, 111th Cong. (Aug. 3, 2010), were in effect at the time of the original sentencing. The purpose of the First Step Act was "to address the disparities between sentences for crack and powder cocaine." *United States v. Shaw,* 957 F.3d 734, 735 (7th Cir. 2020).

The parties appear to be in agreement that at least Counts 4 and 6 are eligible for First Step Relief Act under *Shaw*, 957 F.3d at 735. Counts 1 and 13 are also eligible, then, as they were grouped with Counts 4 and 6 for sentencing purposes. *United States v. Hudson,* 967 F.3d 605, 611 (7th Cir. 2020) ("a defendant's conviction for a covered offense is a threshold requirement of eligibility for resentencing on an aggregate penalty").

Having concluded that defendant is eligible for First Step Act relief as to Counts 1, 4, 6, and 13, the court now considers whether a reduction in defendant's sentence is appropriate as to those counts. As recommended by *Shaw,* 957 F.3d at 741-42, the court considers defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to defendant's request. The court's prior consideration of the

3

§ 3553(a) factors explained at sentencing remains valid. The court has considered defendant's argument that he has completed over 5,000 hours of educational and vocational training while incarcerated, including earning his GED. (DE # 888 at 1-2.) Notably, defendant has earned an Associate of Arts degree from Indiana State University while incarcerated and earned placement on the Dean's List. (*Id.* at 2; DE # 873 at 8.) The court also acknowledges that defendant has incurred only 3 institutional infractions in the two decades since sentencing. (*Id.*) The court has considered the statements of family and friends submitted in support of his motion. (*E.g.*, DE ## 874, 888.) However, the court also notes that defendant operated as a key part of a serious and dangerous drug conspiracy. Defendant employed a minor in the drug operation, and possessed a firearm silencer. Further, the value of deterrence, both for defendants and for others, is a significant consideration.

The court has also thoroughly considered the advisory Sentencing Guidelines range applicable to defendant. When the court applies Amendment 782 (also known as the "Drugs Minus Two" amendment) to defendant's drug charges (Counts 1, 4, 6, and 13), his sentencing range becomes 360 months to life. (DE # 859.) The court finds that the lowest end of this range, 360 months, is appropriate in this case for Counts 1, 4, 6, and 13. Although the court acknowledges it has the discretion to go even lower than the Guidelines minimum, it declines to do so for the reasons articulated above. The court finds a 360-month term of incarceration on Counts 1, 4, 6, and 13 to be appropriate and reasonable, even in light of the mandatory 30-year consecutive term which must be

4

served on Count 11 for possession of a firearm silencer and which is not affected by the First Step Act or Amendment 782. *Dean v. United States*, 137 S. Ct. 1170 (2017) (allowing courts to consider mandatory consecutive sentences under 18 U.S.C. § 924(c) when fashioning a sentence for predicate offenses).

Next, the court must ensure that defendant's term of imprisonment conforms to the effects the Fair Sentencing Act had on the statutory penalties applicable to defendant. Defendant argues that, because the jury did not determine any quantity of crack involved when issuing its verdicts, the crack counts should be subject to the most lenient statutory maximum and minimum under 21 U.S.C. § 841(b)(1) (specifically, a 20-year maximum term of imprisonment). However, defendant's argument in this regard is essentially another attempt to advocate for the applicability of *Apprendi v. New Jersey*, 530 U.S. 466, 483 (2000), to his case. This is the same argument defendant has raised in prior petitions under 28 U.S.C. § 2255 and pursuant to Amendments to the Sentencing Guidelines. (*E.g.*, DE ## 604, 638.) The court will not reconsider these arguments now.

Defendant was convicted of Count 1, which alleged conspiracy with intent to distribute two substances: 5 kilograms or more of powder cocaine, and 50 grams or more of crack cocaine. Given the amount of powder cocaine at issue, and because defendant had a prior qualifying felony, defendant was, and still is, subject to a term of imprisonment of 20 years to life on Count 1, regardless of any changes applicable to sentences involving crack cocaine. 21 U.S.C. § 841(b)(1)(A). A 360-month (or 30-year) sentence is within these bounds. Counts 4 and 6 charged distribution of 5 grams or

5

more of crack cocaine. At the time of sentencing, defendant was subject to a term of imprisonment of 10 years to life. 21 U.S.C. § 841(b)(1)(B). Post-Fair Sentencing Act, the statutory minimum and maximum is 0 to 30 years. 21 U.S.C. § 841(b)(1)(C). A 360-month (or 30-year) sentence is within these bounds, as well. As for Count 13 (use of a minor in drug trafficking), defendant was and still is subject to twice the maximum term of imprisonment as under the drug trafficking offense. A 360-month term is within this limit. The court, therefore, finds that a 360-month sentence on Counts 1, 4, 6, and 13 is appropriate in this case under Amendment 782, the First Step Act, and the Fair Sentencing Act.

In accordance with the Fair Sentencing Act, the court also modifies defendant's term of supervised release as follows: defendant is sentenced to a 6-year term of supervised release on Counts 4 and 6, to run concurrently with all other terms of supervised release. 21 U.S.C. § 841(b)(1)(C).

### III.  CONCLUSION

For the foregoing reasons, the court **DENIES** the Government's motion to file a supplemental response (DE # 926), **GRANTS** defendant a reduction in his sentence pursuant to Sentencing Guidelines Amendment 782 (DE # 805), and **GRANTS, in part, and DENIES, in part**, defendant's motion for resentencing under the First Step Act (DE # 873) as follows:

- Defendant's term of imprisonment on Counts 1, 4, 6, and 13 is reduced to 360 months, to run concurrently with the unaltered term of imprisonment for Count

12. (The unaltered term of imprisonment for Count 11 shall continue to run consecutively to the terms of imprisonment for Counts 1, 4, 6, 12, and 13.)

- Defendant's term of supervised release is reduced to 6 years on Counts 4 and 6 (to run concurrently with all other terms of supervised release).

**SO ORDERED.**

Date: March 16, 2021

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT