UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | No. 2:97 CR 88 |
| ) | |
| JACOBY WALKER  ) | |

### OPINION and ORDER

This matter is before the court on defendant Jacoby Walker's combined motion for a reduction in sentence pursuant to Amendment 821 of the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2), and motion for compassionate release pursuant to § 3582(c)(1)(A). (DE # 957.) For the reasons that follow, the motion is denied in part.

Following a jury trial, Walker was convicted of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), possession of a firearm during drug trafficking, in violation of 18 U.S.C. § 924(c)(1), possession of an illegal firearm, in violation of 26 U.S.C. § 5861(d), and the use of a minor in drug trafficking, in violation of 21 U.S.C. § 861(a)(1). (DE # 748-1 at 14.) He was sentenced to a total term of life plus 360-months' imprisonment. (*Id.* at 16.) His sentence was subsequently reduced, pursuant to amendments to the Sentencing Guidelines. (DE # 928.) His current sentence consists of a total of 360-months' imprisonment to be served concurrently with an additional 360-month term of imprisonment.

Walker now moves to further reduce his sentence, based on Amendment 821. He also seeks compassionate release based on changes in the law that occurred after he was

sentenced. This matter is fully briefed and is ripe for ruling.

## II. DISCUSSION

### A. Amendment 821

In April 2023, the United States Sentencing Commission voted to make changes to how a defendant's criminal history is calculated for sentencing. These changes, generally referred to as "Amendment 821," took effect on November 1, 2023. Part A of Amendment 821 amended § 4A1.1 of the Sentencing Guidelines to limit the overall impact of "status points" on certain offenders' criminal history calculation. Part B of Amendment 821 created a new § 4C1.1 guideline that provides a decrease of two offense levels for offenders who did not receive any criminal history points under Chapter Four of the Guidelines and whose instant offense did not involve specified aggravating factors. The Sentencing Commission has given retroactive effect to Amendment 821. *See* N.D. Ind. Gen. Order 2023-32, available at https://www.innd.uscourts.gov/sites/innd/files/2023-32.pdf.

The parties agree that, pursuant to Amendment 821, the two status points Walker received for committing the instant offenses while on probation (*see* DE # 969 at 7), no longer factor into the calculation of his criminal history category, thus lowering his criminal history category from III to I. The Government argues that with a criminal history category of I, and a total offense level of 42, Walker's advisory guideline range does not change, and therefore he is not entitled to relief under § 3582(c)(2). (DE # 968 at 3-4.) However, his total offense level is not 42. While the original presentence

investigation report calculated Walker's total offense level to be 42 (DE # 969 at 6), at sentencing the court determined that his total offense level was 43. (DE # 807-3.) After subsequent amendments to the Sentencing Guidelines, Walker's total offense level was calculated to be 41. (DE # 807 at 3; DE # 859 at 3.) With a criminal history category of I, and a total offense level of 41, Walker's new advisory guideline's range is lowered from 360 - life, to 324 - 405 months' imprisonment.

The court finds that additional briefing on this matter is warranted. The court will issue a separate scheduling order for this briefing.

  B. *Compassionate Release*

Defendant also moves for compassionate release. Generally, a court is statutorily prohibited from modifying a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). However, a handful of statutory exceptions exist, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

Defendant argues that he has an extraordinary and compelling reason for compassionate release based on the Sentencing Commission's November 2023

3

amendment to Guideline § 1B1.13. The Sentencing Commission added § 1B1.13(b)(6), which states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason [for compassionate release under § 3582(c)(1)(A)(i)], but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Consideration of changes in the law is limited by § 1B1.13(c), which states in relevant part, "[e]xcept as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement."

Walker argues that his sentence is invalid based on two cases decided after he was sentenced, and that these cases constitute 'a change in the law' for purposes of § 1B1.13(b)(6). (DE # 957 at 16, *citing Rosemond v. United States*, 134 S.Ct. 1240 (2014); *United States v. Stott*, 245 F.3d 890 (7th Cir.), *amended on reh'g in part*, 15 F. App'x 355 (7th Cir. 2001).) He also argues that his sentence violated the double jeopardy clause. (*Id.* at 13.) The Seventh Circuit has consistently found that challenges to the underlying validity of a defendant's sentence cannot serve as the basis for compassionate release. "Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence

4

reduction. To permit otherwise would allow § 3582(c)(1)(A) to serve as an alternative to a direct appeal or a properly filed post-conviction motion under 28 U.S.C. § 2255." *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022); *see also United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022), *cert. denied*, 143 S. Ct. 1784 (2023); *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021).

Compassionate release serves a purpose separate and distinct from that of a direct appeal or collateral review. "Properly understood, a motion for a sentence reduction under § 3582(c)(1) or (c)(2) does not attack the sentence at all. It accepts the legal validity of the sentence imposed but asks for modification to account for changed circumstances." *In re Thomas*, 91 F.4th 1240, 1242 (7th Cir. 2024). Such a motion, "simply asks the district court to consider revising his sentence in light of a development completely external to the court's original judgment." *Id.* (cleaned up). "[T]he sort of 'extraordinary and compelling' circumstance that § 3582(c)(1) addresses is some new fact about an inmate's health or family status, or an equivalent post-conviction development, not a purely legal contention for which statutes specify other avenues of relief—avenues with distinct requirements, such as the time limits in § 2255(f) or the need for a declaration by the Sentencing Commission that a revision to a Guideline applies retroactively." *United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir.), *reh'g denied sub nom. United States v. Vader*, No. 22-1798, 2023 WL 3230513 (7th Cir. May 3, 2023), *and cert. denied sub nom. Vader v. United States*, 144 S. Ct. 388 (2023) (citing 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10).

5

The parties dispute whether statutory interpretation cases issued after a defendant's sentence qualifies as a 'change in the law' under § 1B1.13(b)(6). The court need not decide this issue. To the extent that the Sentencing Commission, in creating § 1B1.13(b)(6), attempted to permit such challenges, that decision would be in excess of its statutory authority under 28 U.S.C. § 994(t).

Congress did not define the term 'extraordinary and compelling' in § 3582(c)(1)(A). Instead, Congress tasked the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). "When the best reading of a statute is that it delegates discretionary authority to an agency, the role of the reviewing court under the [Administrative Procedure Act] is, as always, to independently interpret the statute and effectuate the will of Congress subject to constitutional limits." *Loper Bright Enterprises v. Raimondo*, No. 22-1219, 2024 WL 3208360, at *14 (U.S. June 28, 2024). "The court fulfills that role by recognizing constitutional delegations, fixing the boundaries of the delegated authority, and ensuring the agency has engaged in reasoned decisionmaking within those boundaries." *Id.* (cleaned up); *see also* 5 U.S.C.A. § 706.

A definition of 'extraordinary and compelling' that permits a defendant to seek compassionate release based on statutory interpretation cases issued after his sentencing would exceed the authority granted to the Sentencing Commission in

6

§ 994(t). As discussed above, Congress has narrowly delineated the paths available to convicted defendants who wish to challenge the validity of their sentence. Compassionate release cannot serve to circumvent these remedies. Furthermore, interpreting 'extraordinary and compelling' to include any post-sentencing change in case law would essentially nullify the statute of limitations under 28 U.S.C. § 2255(f). The Seventh Circuit has rejected the attempt to interpret § 3582(c)(1)(A) in a manner that would serve to end-run express congressional intent in other statutes. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021).

For all of these reasons, the court finds that defendant is not entitled to compassionate release based on § 1B1.13(b)(6).

### III. CONCLUSION

Defendant's motion (DE # 957) is **DENIED in part**. The court **DENIES** defendant Jacoby Walker compassionate release pursuant to § 3582(c)(1)(A)(i). The court **RESERVES ruling** on defendant's motion for a reduction in sentence pursuant to Amendment 821 and § 3582(c)(2).

**SO ORDERED.**

Date: July 8, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT