UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:97 CR 88 |
| ) | |
| JACOBY WALKER ) | |

### OPINION and ORDER

This matter is before the court on defendant Jacoby Walker's motion for a reduction in sentence pursuant to Amendment 821 of the United States Sentencing Guidelines. (DE # 983.) For the reasons that follow, the motion is granted.

On March 12, 1999, following his jury trial, Walker was sentenced to a total term of life plus 360 months' imprisonment for conspiracy to distribute cocaine, distribution of crack cocaine, possession of a firearm during drug trafficking, possession of an illegal firearm, and the use of a minor in drug trafficking, in violation of 21 U.S.C. §§ 846, 841(a)(1), 861(a)(1), 18 U.S.C. § 924(c)(1), and 26 U.S.C. § 5861(d). (DE # 748-1 at 14-16.) Defendant's term of imprisonment on Counts 1, 4, 6, and 13 was subsequently reduced to 360 months, pursuant to amendments to the Sentencing Guidelines and the First Step Act. This sentence was to run concurrently with the unaltered 120-month term of imprisonment for Count 12 and consecutively to the unaltered 360-month term of imprisonment for Count 11. (DE ## 908, 928.)

In April 2023, the United States Sentencing Commission voted to make changes to how a defendant's criminal history is calculated for sentencing. These changes, generally referred to as "Amendment 821," took effect on November 1, 2023. Part A of

Amendment 821 amended § 4A1.1 of the Sentencing Guidelines to limit the overall impact of "status points" on certain offenders' criminal history calculation. The Sentencing Commission has given retroactive effect to Amendment 821. *See* N.D. Ind. Gen. Order 2023-32, available at https://www.innd.uscourts.gov/sites/innd/files/2023-32.pdf.

Defendant, through appointed counsel, now moves for a reduction in his sentence pursuant to Amendment 821. (DE # 983.) The Government opposes defendant's motion. (DE # 988.)

A.  **Defendant's Eligibility Under Amendment 821**

The court may reduce the term of imprisonment for a defendant whose sentencing range has subsequently been lowered by the Sentencing Commission, after considering the applicable 18 U.S.C. § 3553(a) factors, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

Here, the parties agree that defendant is eligible for a reduction in sentence under Part A of Amendment 821, which eliminates defendant's status points from his criminal history calculation and therefore lowers his sentencing range. The court accepts defendant's argument that he belongs in criminal history category I - rather than criminal history category II – because his 1992 prison sentence for cocaine distribution was part of the offense in this case, rather than a prior offense. *See United States v. Frazier*, 213 F.3d 409, 417–18 (7th Cir. 2000) (acknowledging on direct appeal

2

that Walker's criminal history was miscalculated, but finding that (at that time) the error was harmless because it did not effect Walker's sentence). The Government does not argue against finding that Walker's criminal history category is I.

The parties appear in agreement that defendant's advisory guideline range is reduced from 360 months' imprisonment to 324 - 405 months' imprisonment on Counts 1, 4, 6, and 13, based on a total offense level of 41 and a criminal history category of I. They also agree that Amendment 821 does not have any effect on Count 11 or Count 12.[1] Because Walker's sentencing range is reduced by Amendment 821, he is eligible for a reduction.

**B.     Is A Reduction Warranted Under § 3553(a)?**

The court must next consider whether a reduction in sentence is warranted under the applicable § 3553(a) factors. Having considered the relevant factors, this court finds that a reduction in sentence on Counts 1, 4, 6, and 13 to 324 months' imprisonment is warranted. The court finds that this term of imprisonment is sufficient, but not greater than necessary, to reflect the seriousness of Walker's offenses, provide just punishment for those offenses, protect the public, and afford adequate deterrence to future criminal conduct.

The Government argues that a reduction in sentence is not warranted in this case based on the nature and circumstances of Walker's offenses, and his conduct in prison.

---

[1] Walker is currently serving his 360-month sentence for Counts 1, 4, 6, and 13, and when he completes the sentences on those counts he will serve the 360-month sentence imposed on Count 11. Walker has now served his 120-month sentence for Count 12.

This court disagrees. Walker committed a number of serious offenses, and the seriousness of those offenses is well represented in a reduced sentence of 324 months, and his yet-unserved consecutive 360-month sentence on Count 11. Moreover, in the 27 years Walker has been incarcerated, he has received only six disciplinary sanctions: three sanctions for unauthorized mail or phone use (in 1997 and 1998), two instances of possessing an unauthorized item (in 2002 and in 2008), and possession of a contraband cell phone (in 2018). (DE # 988-1.) The comments on his Bureau of Prisons (BOP) progress report note that the first five of his disciplinary sanctions "can be attributed mostly to getting acclimated to living in prison." (DE # 992-1 at 3.) The court does not find that these sporadic offenses are of such a nature as to counsel against granting Walker a reduction in sentence.

Walker appears to have made significant strides toward rehabilitation while in prison. He has participated in 56 classes while in BOP custody, has obtained his GED, and has completed both a 360-hour building trades course and a 2,150-hour housekeeping apprenticeship. (DE # 991.) He obtained an Associate of Arts degree from Indiana State University, and qualified for the Dean's List for the Spring 2011 semester. (DE # 873 at 13-14.) Walker has worked in a textile factory at the Pekin facility since November 2021, and the comments on his work progress report state, "Great Job!!!! Works Hard!!!" (DE # 992-2.) The BOP has assessed Walker as a "low" recidivism risk. (DE # 992-3.) The general comments on his BOP progress report state, "Inmate Walker has been a cordial and rules abiding inmate, who respects the opinions of others and

4

stays out of the drama that occurs inside the prison." (DE # 992-1 at 4.)

All in all, the court finds that sentencing Walker to the low end of the new guidelines range is a sentence sufficient, but not greater than necessary, to meet the purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation.

**C.    CONCLUSION**

For the foregoing reasons, the court **GRANTS** defendant's motion for a reduction in sentence pursuant to Sentencing Guidelines Amendment 821 and 18 U.S.C. § 3582(c)(2). (DE # 983.) Defendant's term of imprisonment on Counts 1, 4, 6, and 13 is reduced to 324 months. All other terms of defendant's sentence, including the consecutive 360-month term of imprisonment for Count 11, remain unaltered. Defendant's motion for appointment of counsel is **DENIED as moot**. (DE # 967.)

**SO ORDERED.**

Date: April 18, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT